19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Iran BROWN, Defendant-Appellant.
 No. 93-50425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Iran Brown appeals his 35-month sentence imposed following entry of a guilty plea to possession with intent to defraud equipment and impressions (50,000 security holograms) designed to make counterfeit access devices (credit cards), in violation of 18 U.S.C. Sec. 1029(a)(4). Brown contends the district court erred by departing upward fourteen levels based upon its finding that the applicable Guideline range underrepresented the seriousness of his offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 Brown approached Jerry Fox, owner of a hologram business, and arranged to purchase 100,000 holograms and a hot-stamper, a machine capable of affixing holograms to plastic cards. Brown showed Fox the design he wanted on the holograms and they were similar to the design on Visa and Mastercard credit cards. Fox contacted the United States Secret Service, and a Secret Service undercover agent began meeting with Brown and Fox. Brown was arrested upon delivery of 50,000 Mastercard security holograms. Upon searching Brown's business, Secret Service agents found counterfeit driver licenses, stolen credit cards, a credit card sales authorization device that "reads" magnetic strips, and documents regarding Brown's purchase of credit card production equipment.
 
 II
 Intended Loss
 
 5
 Factors considered as adjustments by the Guidelines may not also serve as a basis for departure. United States v. Nuno-Para, 877 F.2d 1409, 1413-14 (9th Cir.1989). Section 2F1.1 of the Guidelines provides for a fourteen-level upward adjustment where the loss from fraud or deceit exceeds $5,000,000. U.S.S.G. Sec. 2F1.1(b)(1)(O). The district court need only make a reasonable estimate of the loss. U.S.S.G. Sec. 2F1.1, comment. (n. 8). "[I]f an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." U.S.S.G. Sec. 2F1.1, comment. (n. 7); see also United States v. Hernandez, 952 F.2d 1110, 1118 (9th Cir.1991), cert. denied, 113 S.Ct. 334 (1992).
 
 
 6
 Section 2X1.1 provides that where a defendant has not completed all the acts necessary for the intended offense, which has a higher offense level than that of the completed part, the offense level is the intended offense level minus three levels. U.S.S.G. Sec. 2X1.1(b)(1) & comment. (n. 4). Under sections 2F1.1 and 2X1.1, intended loss "refers not to the probability that an attempt will succeed, but rather to the amount of loss that the victim probably would suffer, assuming the attempt did succeed." United States v. Davis, 922 F.2d 1385, 1392 (9th Cir.1991).
 
 
 7
 At sentencing, the government and probation officer recommended that Brown's base offense level be adjusted for intended loss of more than $5,000,000, an amount based upon an estimated $100 loss for each of the 50,000 counterfeit credit cards which could have been made with the holograms. The district court found that Brown did not have the "present ability" to cause losses because he had not yet made the counterfeit credit cards. Because of this, the district court determined that the fourteen-level upward adjustment for intended loss of more than $5,000,000 under section 2F1.1 was not warranted, and the district court, instead, departed upward fourteen-levels because the applicable Guideline range without the amount of loss adjustment underrepresented the seriousness of Brown's offense.[1]
 
 
 8
 We vacate and remand. The remarks of the district court indicate that the same factors that were considered and found wanting as a basis for an upward adjustment, were considered by the district court as a basis for the upward departure. If a loss has not been established sufficiently to justify an upward adjustment, it cannot serve as a basis for an upward departure. An upward departure is not a tool to rectify an imperfect adjustment. Factors already taken into account in the Guidelines' formulation of adjustments cannot be used as a basis for departure. See Nuno-Para, 877 F.2d at 1413-14; see also U.S.S.G. Sec. 5K2.0, p.s. (absent presence of factor to a degree "substantially in excess," no departure allowed).
 
 
 9
 It is unclear, however, whether the district court, in declining to adjust upward, applied a greater requirement of proof for an amount of loss adjustment than necessary. See U.S.S.G. Sec. 2F1.1, comment. (n. 8); Davis, 922 F.2d at 1392. Accordingly, on resentencing, the district court may determine a reasonable estimate of the intended loss and apply the appropriate adjustment if it so chooses.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brown's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, the district court determined it was legally barred from applying the upward adjustment and decided to use an upward departure by analogy to section 2F1.1. The district court stated:
 [I]t is clear by analogy to the application notes and the structure of the guideline itself, which makes the nature of the offense wholly dependent ... on the amount of loss, that a circumstance like this is demonstrably under-represented....